UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:25-cr-144-DJH

LAZARO JAVIER CHAVIANO BARROSO (1) and
YESENIA SUAREZ GONZALEZ (2),     Defendants.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on November 17, 2025, with the following counsel participating:

     For the United States:     Nicole Elver

     For Defendants:     Nicholas Neumann

The Court and counsel discussed the procedural posture of the case. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The jury trial of this matter, currently set for December 22, 2025, is **REMANDED** from the Court's docket. All pretrial dates and deadlines previously set are **VACATED**.

(2) This matter is **SET** for a status hearing on **December 17, 2025, at 1:30 p.m.** at the U.S. Courthouse in Louisville, Kentucky. Counsel shall inform the Court no later than **three (3) business days before** the hearing if they wish to convert the hearing to a change of plea.

(3) Due to the unusual procedural posture of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from November 17, 2025, to December 17, 2025, is excludable in computing the time**

**within which the trial must commence under the Speedy Trial Act**. The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because the defendants and their counsel would otherwise be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

    (4)    The Court takes the issue of Mr. Neumann's joint representation of the defendants under advisement.

November 18, 2025

David J. Hale, Chief Judge
United States District Court

Court Time: 00/15
Court Reporter: Dena Legg

cc:    Jury Administrator